IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANCIS J. WARIN,

       Plaintiff,      Case No. 3:07 CV 3034
  -vs-              3:03 cr 754

UNITED STATES OF AMERICA,    MEMORANDUM OPINION
                 AND ORDER
       Defendant.

KATZ, J.

  On September 6, 2007 Petitioner, Francis J. Warin, ("Warin") (Defendant in the criminal case) filed a motion to reopen his case (Doc. No,. 80); on September 20, 2007 (Doc. No. 82) this Court issued an order and notice to Warin directing him to advise the Court within thirty (30) days of his desire to have that motion re-characterized as a Section 2255 motion and whether he wishes to supplement the then pending motion. In response to the last order Warin filed a motion to vacate pursuant to 28 U.S.C. § 2255 on October 4, 2007 (Doc. No. 83), as to which the Respondent has filed a response (Doc. No. 85). For the reasons hereinafter stated the Court finds that the motion pursuant to Section 2255 has not been timely filed and will be dismissed.

**BACKGROUND**

  The following is an accurate reflection of "Statement of the Case" taken from the Government's response:

  On May 21, 2003, a complaint was signed by United States Magistrate Judge Vernelis K. Armstrong charging Francis J. Warin ("Warin") with the possession and mailing of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 1715. (R.1 Complaint and Arrest Warrant). On June 4, 2003, a grand jury issued a five count indictment. Counts 1 and 2 charged Warin with possession of an unregistered firearm and firearm silencer, both violations of 26 U.S.C. § 5861(d), Count 3 charged Warin with mailing a concealable firearm, a

violation of 18 U.S.C. § 1715, and Counts 4 and 5 charged Warin with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (R.8 Indictment). On June 12, 2003, with appointed counsel Cocoves, Warin entered a not guilty plea to the indictment. (R.11 Arraignment).

On October 8, 2003, a bench trial was held before United States District Judge David A. Katz. (R.39 Trial). On December 17, 2003, the district court denied Warin's motion for acquittal and found him guilty of each of the charges in the indictment. (R.48 Findings of Fact and Conclusions of Law).

On March 22, 2004, the district court sentenced Warin to 33 months imprisonment on counts 1, 2, 4 and 5 concurrently, and to 24 months imprisonment on Count 3 to run concurrently with all other counts. The district court also imposed a $2,000.00 fine, a $500.00 special assessment and two years of supervised release to follow imprisonment. (R.55 Judgment and Commitment Order).

On March 26, 2004, Warin timely filed an appeal. (R.56 Notice of Appeal). The Sixth Circuit affirmed the District Court's conviction, but vacated his sentence and remanded for resentencing in light of United States v. Booker, which revoked the mandatory application of the U.S. Sentencing Guidelines. See, United States v. Warin, 163 Fed.Appx. 390, 2006 WL 197425 ($6_{th}$ Cir. 2006)(unpublished).

On May 22, 2006, the Court resentenced Warin to time served, and placed him on supervised release for two years. (R.78 Amended Judgment entered 5/24/06). Accordingly, Warin was released from the physical custody of the Bureau of Prisons, and is now serving his term of supervised release. No appeal was taken from the resentence.

On May 30, 2006, this Court received an order from U.S. Supreme Court denying the Warin's petition for a writ of certiorari. Warin v. United States, 126 S.Ct. 2311, 164 L.Ed.2d 830 (May 22, 2006) (No. 05-10500). (R.79 Order).

On September 6, 2007, Warin filed a Motion to Re-Open Case, alleging deficient representation and vaguely challenging trial exhibits, legal definitions, and citing Parker v. District of Columbia, 478 F.3d 370 (D.C. Cir. 2007), as support for his position that the Second Amendment is a personal right. (R.80 Motion). The government filed a Response to the Motion for Reconsideration. (R.81 Response). As a result, the Court issued an Order and Notice to Warin, stating that it might re-characterize his motion to re-open as a "first 28 U.S.C. § 2255 motion" to vacate, set aside or correct a sentence. The Court asked Warin to advise within 30 days whether he wished to have his motion re-characterized, and if he wished to supplement the pending motion with all relevant claims before it is ruled upon. (R.82 Order and Notice).

Thus Warin filed the instant 28 U.S.C. § 2255 motion on October 4, 2007. (R.83 Motion to vacate). As grounds for relief, Warin refers to his earlier Motion to Re-open filed on Sept. 5, 2007, and does not supplement the motion with additional claims beyond those contained in his earlier motion. The government maintains the § 2255 motion is untimely filed.

**DISCUSSION**

2

As noted above, Warin's motion to reopen this case alleged deficient representation and vaguely challenged trial exhibits, legal definitions; in addition, he cited *Parker* in support for his position that the Second Amendment is a personal right.

To obtain relief under Section 2255 for a non-constitutional error, a defendant must show a fundamental defect in the proceedings inherently resulting in complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 3339, 353 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993).

To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U. S. 619, 637; *United States v. Ross*, 40 F.3d 144, 146 (7th Cir. 1994).

In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. *Id.*

Section 2255 precludes a prisoner from filing a motion challenging his conviction or sentence more than one year after the conviction becomes final. Pursuant to Section 2255, a conviction becomes final at the conclusion of direct review. The Government is correct that two dates are relevant in making this determination: the date the U. S. Supreme Court denied certiorari to-wit: May 22, 2006; and the date Warin was sentenced by this Court, which judgment was placed of record May 24, 2006. There was no appeal from that judgment. Thus, Warin was required to file his Section 2255 petition on or before May 24, 2007. His motion to reopen was filed

3

September 6, 2007 and his Section 2255 motion was filed on October 4, 2007. Clearly, both of these dates fall outside the established one year statute of limitation.

The other grounds from which the one year limitation begins to run are inapplicable to this case. Warin cites the *Parker* decision by the D.C. Circuit in support of his position. That decision held that the Second Amendment protects an individual right to keep and bear arms. It is in direct conflict with the Sixth Circuit's 2006 holding in Warin's direct appeal:

> However, this court has had several opportunities to reassess its position since United States v. Warin was decided in 1976 and has continued to hold to its view that the Second Amendment confers only collective rights. *See United States v. Bournes*, 339 F.3d 396, 397 (6th Cir. 2003); *United States v. Napier*, 233 F.3d 394, 402 (6th Cir .2000); *United States v. Baker*, 197 F.3d 211, 216 (1999); *United States v. Ables,* 167 F.3d 1021, 1027 (6th Cir. 1999). We subscribe to that interpretation as well.

Warin, 163 Fed.Appx. at 394.

Further, *Parker* is a decision of a court of appeals, not of the United States Supreme Court. Thus, it does not trigger the one year clock because only a Supreme Court decision of newly recognized rights does so. This district court must be guided by decisions of either the United States Supreme Court or this Circuit. Since the Supreme Court has not acted with an intervening decision, this Court is bound by the previous holding of the Sixth Circuit in the within case.

Because the motions filed herein were docketed more than one year after Warin's conviction became final, his 2255 motion is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE